UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | | |
|---|---|---|
| NATHANIEL LYNN WILMOTH[1] | ) | |
| | ) | |
| v. | ) | NO. 2:09-CV-121 |
| | ) | Mattice/Carter |
| HAMBLEN COUNTY JAIL STAFF; | ) | |
| HAMBLEN COUNTY JAIL | ) | |

**MEMORANDUM and ORDER**

This is a prisoner's *pro se* civil rights complaint for injunctive relief under 42 U.S.C. § 1983, in which he alleges that he is being housed under conditions which are unconstitutional.

I. **The Application to Proceed without Prepayment of Fees**

Plaintiff's application to proceed *in forma pauperis* was the subject of a recommendation and report ("R & R") issued by the magistrate judge. [Doc. 4]. The magistrate judge recommended that the *in forma pauperis* application be denied, that the filing fee be assessed, and that the filing fee be paid on an installment basis, pursuant to the fee-collection method in 28 U.S.C. § 1915 and § 1915A. The Court hereby adopts the R & R, with the following modification: Plaintiff's application to proceed without prepayment

---

[1] Though plaintiff indicates that another prisoner, Michael Jesse Banner, is a co-plaintiff (Compl. at ¶ 2), Mr. Banner has neither signed the complaint nor submitted an *in forma pauperis* application and, for these reasons, will not be deemed to be a plaintiff in this case.

of fees is **GRANTED**. [Doc. 1].

II. **The Complaint**

Plaintiff states his claims in their entirely, as follows:

"Michael Jesse Banner and I, Nathaniel Wilmoth are inmates of hamblen county, in the ISOLATION ward. Rarely do the officers/staff provide us with proper cleaning supplies. The facility is supposed to provide us with hygiene products but rarely dispenses them. I was housed numerous times with 3 other men in a 1 man cell where recently another inmate in my cell had HIV and spat on me. The correctional officers charged over meeting our needs and safety oftentimes are verbally abusive, offensive, and show an overall lack of motivation concerning their duties and requirements." [Compl. at ¶ 4].

III. **Screening the Complaint**

The Court must now review the complaint to determine whether it states a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997). If so, this suit must be dismissed.

There are three main claims, all involving alleged unconstitutional conditions of confinement.

1. Cleaning & Hygiene Supplies.

It is rare, according to the complaint, to provide cleaning supplies and items of hygiene to inmates in the isolation area of the jail. To the extent that plaintiff is raising claims on behalf of other inmates in his housing quarters, those claims cannot proceed. *Whitmore v. Arkansas*, 495 U.S. 149 (1990) (holding that a prisoner must assert his own rights, not those of other inmates). Plaintiff has failed to show that he has standing to pursue

2

claims that the living conditions of his fellow prisoners violate the Constitution. *See ACLU v. Nat'l Sec. Agency*, 493 F.3d 644, 659 (6th Cir. 2007) (observing that the standing doctrine "applies to every claim sought to be litigated in federal court"). Of course, plaintiff may assert that his right to human confinement conditions is violated because *he* is seldom given cleaning and hygienic supplies.

It is now well settled that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). An Eighth Amendment claim is composed of two parts: an objective component, which requires plaintiff to show a "sufficiently serious" deprivation, and a subjective component, which requires him to show a sufficiently culpable state of mind —one of deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834 and 842 (1994). Where prison conditions are concerned, a "substantial serious risk" is one which denies the prisoner "the minimum civilized measure of life's necessities." *Id.* at 834

Though a prisoner may not be denied his basic needs, including his need to maintain personal hygiene, *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), and to reasonable sanitation, as feasible, *Walker v. Mintzes*, 771 F.2d 920, 926 (6th Cir. 1985), there are no specific facts from which to infer that the occasional provision of cleaning and hygiene supplies to plaintiff rises to the magnitude of a substantially serious risk. *See Tillery v. Owens*, 907 F.2d 418, (3rd Cir. 1990) ("Although prisoners are, undeniably, sent to prison as punishment, the prison environment itself may not be so brutal or unhealthy as to be itself a punishment"). For

example, plaintiff has not set forth the reason(s) why he needed cleaning supplies; identified the item(s) of hygiene he allegedly was denied; specified the dates he was denied those supplies; or identified the person who denied him those items. Given the bare allegations upon which this claim is constructed, the Court is unable to conclude that the complained of risk "is not one that today's society chooses to tolerate." *Helling*, 509 U.S. at 36.

Not only has plaintiff failed to show the objective component (i.e., a substantially serious risk to his health or safety), but he has also failed to satisfy the subjective requirement of an Eighth Amendment claim. *Farmer*, 511 U.S. 834, 842 (plaintiff must establish that the questioned condition posed an excessive risk to his health or safety to which a defendant was deliberately indifferent). As found earlier, plaintiff has not identified the specific defendant(s) who denied the stated supplies, and, absent such an allegation, there is nothing from which to infer that any unnamed defendant possessed the requisite state of mind of deliberate indifference.

2. Overcrowding and HIV-positive Cell Mate.

Plaintiff claims that, in the past, he has been housed with three other inmates in a cell designed for one and that, a cell mate who was positive for HIV [human immunodeficiency virus] spat on him.

Overcrowding, in and of itself, is not necessarily unconstitutional. *Johnson v. Heffron*, 88 F.3d 404, 407 (6th Cir. 1996) (citing *Rhodes v. Chapman*, 452 U.S. 337 (1981)). If overcrowded conditions cause an inmate to be denied the minimal civilized measure of

life's basic needs, such as food, warmth, or exercise, this would transgress the Eighth Amendment. *Wilson v. Seiter*, 501 U.S. 294, 298, 304 (1991). However, "[n]othing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists." *Id.*

Plaintiff does not contend that the overcrowding resulted in any specific deprivation of one of life's basic necessities, and, without such a contention, this claim fails.

Nor is there anything from which to infer, on the assertions made here, that overcrowding is responsible for the placement of an HIV-infected prisoner in plaintiff's cell. There are no allegations of fact in the complaint to connect the unwell inmate's housing assignment to the alleged overcrowded conditions in the jail. Even if the Court were to speculate that such a connection exists, that would not be enough because it also would have to hypothesize that the overcrowded conditions likewise caused the cell mate's misconduct. As it now stands, plaintiff's allegations are conclusory, and conclusory allegations fail to state a claim for relief. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

However, if the HIV-exposure issue is viewed as a stand-alone claim and not tied to the claims of overcrowding, the Eighth Amendment may be violated if plaintiff's exposure to HIV poses a sufficiently substantial risk of serious damage to his future health—a risk to which the jail authorities are deliberately indifferent. *Helling*, 509 U.S. at 35 (finding that exposure of asymptomatic inmate to second-hand tobacco smoke states an Eighth Amendment claim because such exposure poses a sufficiently imminent health risk). At the

5

same time, a prisoner who alleges that his personal safety is threatened by being housed with another inmate with a serious contagious disease also states an Eighth Amendment claim. *Id.* at 33. An Eighth Amendment infringement may occur, for example, where a prisoner is housed with another inmate who has a serious contagious disease which is spread by airborne particles, such a tuberculosis, but not with an HIV-positive inmate since HIV is not airborne or spread by casual contact. *Glick v. Henderson*, 855 F.2d 536, 539 (8th Cir.1998) (prison's failure to segregate inmates with HIV/AIDS did not violate Eighth Amendment). After all, "an inmate's HIV status alone does not make it likely that the inmate will transmit their (sic) HIV virus to another; [r]ather, it is an HIV[positive] inmate's behavior toward non-HIV inmates which carries the risk of HIV transmission." *Nolley v. County of Erie*, 776 F.Supp. 715, 736 (W.D.N.Y. 1991). *But see Massick v. North Central Correctional Facility*, 136 F.3d 580 (8th Cir.1998) (The Eighth amendment may be violated by placing a healthy inmate in a cell with an HIV-positive inmate who is bleeding.).

In this case, however, there is no contention that any defendant knew that plaintiff's HIV-positive cell mate spat on plaintiff; that the HIV-afflicted inmate was prone to do so; or that he was predisposed to commit acts toward other inmates which posed a risk of transmitting the disease. Logically, unless a defendant actually knows about an unsafe condition, he cannot consciously disregard any attendant risk of serious harm to an inmate's health or safety. *Farmer*, 511 U.S. at 837 (deliberate indifference shown where official is aware of facts from which to infer that a substantial risk of serious harm exists *and* where he

6

actually draws the inference). Therefore, because the state-of-mind element of an Eighth Amendment claim is missing, plaintiff has failed to state an independent claim involving his HIV-positive cell mate.

3. <u>Abusive & Offensive Staff.</u>

According to plaintiff, the correctional officers at the facility wherein he is housed are verbally abusive, offensive, and unmotivated to perform their duties to the inmates. Plaintiff's allegations of unconstitutional conduct on the part of staff members at the jail fall within the same species of contentions as the previous ones (i.e., those which fail to state a claim). First, he has not identified those officers of whom he complains. *Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) (plaintiff must supply factual allegations showing "what *each* defendant did to violate the asserted right") (italics in original). Thus, the plaintiff's allegations are conclusory, and such allegations, likewise, fail to state a claim for relief. *See Chapman v. City of Detroit*, 808 F.2d 459 (6th Cir. 1986) (holding that a § 1983 complaint must contain a factual basis for claims because skeletal allegations of unconstitutional conduct are inadequate).

Secondly, even if those officers had been identified as defendants, plaintiff would still not state an actionable claim against them. Though these officers' supposed behavior may be condemned as unprofessional and rude, it is not unconstitutional. *Ivey v. Wilson*, 832 F.2d 950, 954 (1987) ("Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth

7

Amendment."). As explained by the Sixth Circuit: "[H]arassment and verbal abuse ... do not constitute the type of infliction of pain that the Eighth Amendment prohibits." *Johnson v. Unknown Dellatifa,* 357 F.3d 539, 546 (6th Cir. 2004).

Because the claims in this complaint have not survived the screening process, this suit will be **DISMISSED** for failure to state a claim entitling plaintiff to relief.

A separate order will enter.


**ENTER**:

                    */s/Harry S. Mattice, Jr.*
                    HARRY S. MATTICE, JR.
                    UNITED STATES DISTRICT JUDGE